**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

In re                                                              :
                                                              :     Chapter 11
ACME BUS CORP.,                                                    :
                                                              :     Case No. 20-72122 (REG)
                                                              :
                                                              :
                                                              :
            Debtor.                          :

-------------------------------------------------------------------x

ACME BUS CORP.,                                                    :
                                                              :
                                                              :
            Plaintiff,                       :
                                                              :     Adv. Pro. No. 20-_____
    -against-                                          :
                                                              :
MALVERNE UNION FREE SCHOOL DISTRICT,                               :
                                                              :
                                                              :
            Defendant.                       :

-------------------------------------------------------------------x

**COMPLAINT SEEKING THE RECOVERY OF BREACH OF CONTRACT**
**AND UNJUST ENRICHMENT DAMAGES OWED BY DEFENDANT**
**SCHOOL DISTRICT TO DEBTOR AND DISALLOWANCE OF CLAIMS**
**UNTIL ALL MONEY OWED TO THE DEBTOR IS RECOVERED**

ACME Bus Corp. ("ACME"), by and through its special counsel, Hamburger, Maxson,

Yaffe & McNally, LLP, and general bankruptcy counsel, Klestadt Winters Jureller Southard &

Stevens, LLP, as and for its complaint (the "Complaint") herein against Malvern Union Free

School District (the "School District"), alleges as follows:

## PRELIMINARY STATEMENT

ACME and the School District entered into a binding written agreement, whereby ACME was to provide student transportation services for the School District during the 2019 – 2020 school year, commencing July 1, 2019 and ending June 30, 2020.

On March 11, 2020, the World Health Organization declared COVID-19 a global pandemic. On March 16, 2020, the Governor of the State of New York issued an executive order requiring that schools State-wide be closed and students be educated via distance learning, no later than March 18, 2020. On or about March 16, 2020, the School District suspended ACME's provision of transportation services, purportedly under the parties' agreement, without any further compensation paid to ACME. The parties' agreement did not provide the School District with the authority for such suspension without compensation. As a result of the School District's failure and refusal to make payment to ACME, and the similar failure and refusal of other school districts to make payment to ACME for the COVID-19 State-wide closure period during the 2019-2020 school year, ACME was unable to meet its on-going financial obligations, and was forced into bankruptcy.

By this Complaint, ACME seeks a judgment against the School District for monetary damages owed by the School District to ACME for (i) the balance of their 2019–2020 contract for transportation services, ending on June 30, 2020 and (ii) services duly provided by ACME to the School District prior to March 16, 2020, which remain unpaid. These damages are property of ACME's bankruptcy estate. In addition, ACME seeks the disallowance of all claims asserted by the School District against ACME's bankruptcy estate until all monetary damages asserted herein are paid to ACME pursuant to section 502(d) of the Bankruptcy Code.

2

**FACTS COMMON TO ALL CAUSES OF ACTION**

1. On May 27, 2020, Nesco Bus Maintenance, Bangs Towing, Acme Radiator & Glass Works, Inc., and Jenthony Enterprises, Inc., filed an involuntary petition under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") against ACME in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court" or the "Court") [Docket No. 1].

2. On June 18, 2020, the Court entered an order for relief under chapter 7 of the Bankruptcy Code [Docket No. 23].

3. On June 25, 2020, ACME filed a motion pursuant to Section 706(a) of the Bankruptcy Code and Rules 1017(f)(2) and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking an order converting ACME's chapter 7 case to a case under chapter 11 of the Bankruptcy Code [Docket No. 38], and on July 1, 2020 (the "Conversion Date"), that motion was granted by order of the Court [Docket No. 50].

4. Since the Conversion Date, ACME has continued, and still continues, to manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. On July 27, 2020, the United States Trustee appointed the Official Committee of Unsecured Creditors in the Debtors'[1] cases (the "Committee") comprised of School Bus Parts Company, Nesco Bus Maintenance Inc., The Hanover Insurance Co., A&A Auto Glass Plus and Sarad Marketing Inc. On July 28, 2020, the Committee selected Silverman Acampora

---

[1] The "Debtors" in these jointly administered bankruptcy cases, along with the last four digits of each of the Debtor's federal tax identification number are: Baumann & Sons Buses, Inc. (2109), ACME Bus Corp. (8937), ABA Transportation Holding Co., Inc. (4676), Brookset Bus Corp. (7908), and Baumann Bus Company, Inc. (9631).

LLP as its general bankruptcy counsel.

6.    The Debtors cases are being jointly administered pursuant to the *Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration of Chapter 11 Cases* and *Second Order Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Directing Joint Administration of Chapter 11 Cases* under the lead case of Baumann & Sons Buses, Inc., Case No. 20-72121 (REG).

7.    On August 13, 2020, the Court entered an order authorizing the retention of Hamburger, Maxson, Yaffe & McNally, LLP as special counsel to the Debtors.

8.    Also on August 13, 2020, the Court entered an order authorizing the retention of Klestadt Winters Jureller Southard & Stevens, LLP as general bankruptcy counsel to the Debtors.

9.    On October 23, 2020, the School District filed a proof of claim against ACME in the general unsecured amount of $12,115.33 on account of alleged "unperformed services" (the "School District Claim").

10.    ACME brings this proceeding to recover breach of contract and unjust enrichment damages against the School District for the benefit of its bankruptcy estate and to disallow the School District Claim unless and until the School District returns the full amount determined to be owed to ACME's bankruptcy estate.

**JURISDICTION**

11.    This adversary proceeding relates to the bankruptcy case of *In re ACME Bus Corp.* Case No. 20-72122 (Bankr. E.D.N.Y. May 27, 2020) which case is jointly administered with the other Debtors' cases under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York before the Honorable Robert E.

4

Grossman, United States Bankruptcy Judge.

12.     This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, Administrative Order No. 264 titled "In the Matter of The Referral of Matters to the Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Weinstein, C.J.), dated August 28, 1986, and Administrative Order No. 601 of the United States District Court for the Eastern District of New York (Amon, C.J.), dated December 5, 2012.  This Court has jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

13.     ACME consents to the entry of final orders or judgments by the Bankruptcy Court with respect to all matters and claims raised by this Complaint.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

**BASIS FOR RELIEF**

15.     This adversary proceeding is brought pursuant to 11 U.S.C. § 502(d) and common law claims of, *inter alia*, breach of contract and unjust enrichment.

**PARTIES**

16.     ACME is a corporation formed and existing under the laws of the State of New York.  ACME's headquarters is located at 3355 Veterans Memorial Highway, Ronkonkoma, New York 11779.

17.     The School District is a municipal subdivision of the sovereign State of New York organized and doing business under the New York State Education Law, having a principal place of business at 301 Wicks Lane, Malverne NY 11565.  The School District has appeared in the Debtors' bankruptcy cases through its attorneys, Frazer & Feldman, LLP.

5

**FIRST CAUSE OF ACTION**
**Breach of Contract – COVID Closure Period**

18.    ACME repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

19.    ACME was contracted to provide student transportation services to the School District for the 2019 – 2020 school year, beginning on July 1, 2019 and ending on June 30, 2020.

20.    These transportation services were provided pursuant to a written transportation contract awarded to ACME for the 2019 – 2020 school year (the "Agreement").

21.    On or about March 16, 2020, in response to the COVID-19 pandemic, the Governor of the State of New York (the "Governor") issued Executive Order 202.4 which, *inter alia*, directed every school in the State of New York to close for a period of two weeks.

22.    Subsequent emergency orders issued by the Governor extended the period of school closure through the end of the 2019-2020 school year (the "COVID Closure Period").

23.    On or about March 16, 2020, the School District notified ACME to suspend its performance of all student transportation services.

24.    At such time as ACME was directed not to transport students of the School District, ACME was ready, willing and able to continue to provide school bus transportation pursuant to the Agreement.

25.    Despite being instructed not to transport students by the School District, ACME continued to provide contractually required services to the School District including, but not limited to, maintenance of the vehicles and yard, compliance with NYS Department of Transportation ("DOT") 19-A certification requirements, personnel requirements, safety

6

requirements, insurance requirements, and all of its obligations for overhead costs such as utilities, taxes, financing costs, and professional fees in order to assure that ACME maintained its infrastructure and labor force as a viable operating entity that was ready to resume providing school bus transportation immediately when allowed by the Governor and requested by the School District.

26.    With respect to drivers and matrons alone, before school buses can renew school bus runs, ACME is responsible to see that these employees complete their Article 19-A medical examination report, DOT physicals, 19-A road tests, blood pressure/diabetes follow-ups, pass physical performance testing, annual and monthly abstracts, CPR and first aid certification, county background checks and other courses regulated by the NYS Education Department.

27.    With respect to maintaining the vehicle fleet in a roadworthy condition of compliance, ACME must assure that its mechanics maintain the vehicles in accordance with detailed DOT requirements so that the vehicle can receive a passed inspection sticker from the NYS Department of Transportation at inspections that occur at a minimum of two times per year.

28.    At such time as ACME was directed not to transport students of the School District, ACME stood ready to implement new COVID-19 safety protocols and procedures, if and when required by the State, to safely transport students to and from school when directed by the School District.

29.    At such time as ACME was directed not to transport students of the School District, ACME duly performed its obligations under the Agreement.

30.    The Agreement was for the entire school year, was tied to the school calendar,

and contained no provision that authorized the School District to suspend all performance of ACME's student transportation services without compensation, irrespective of a State wide school closure caused by a pandemic or by the School District's direction to cease transporting students based on the Governor's closure order.

31.     Notwithstanding due demand therefor, the School District has not made any payments to ACME for contracted services for the COVID Closure Period.

32.     The School District's failure and refusal to make any payments to ACME for contracted pupil transportation services for the COVID Closure Period is a breach of the Agreement.

33.     ACME has been damaged by such breach in the amount of its expectancy damages, *i.e.*, the full Agreement price for the unpaid period less any savings achieved by ACME as a result of having mitigated its damages, plus interest from June 30, 2020.

34.     On or about September 2, 2020, ACME duly presented to the Board of Education of the School District ("BOE") a notice of claim seeking damages that included damages for breach of the Agreement for contracted pupil transportation services, and the BOE has neglected or refused to make an adjustment or payment thereof for 30 days after such presentment.

35.     Based on the foregoing, ACME is entitled to a judgment against the School District in an amount not less than $66,634.29, plus interest and costs.

## SECOND CAUSE OF ACTION
### Unjust Enrichment

36.     ACME repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

37.     On March 16, 2020, by Executive Order 202.4, the State of New York mandated

8

a State-wide closure of schools from March 18, 2020 (if not already closed before that date), through April 1, 2020.

38. On March 27, 2020, by Executive Order 202.11, the State of New York continued the State-wide school closure through April 15, 2020.

39. On April 7, 2020, by Executive Order 202.14, the State of New York continued the State-wide school closure through April 29, 2020.

40. On April 16, 2020, by Executive Order 202.18, the State of New York continued the State-wide school closure through May 15, 2020.

41. On May 7, 2020, by Executive Order 202.28, the State of New York ordered that all schools remain closed through the remainder of the school year.

42. On June 5, 2020, by Executive Order 202.37, the State of New York allowed in-person special education services and instruction for the summer term.

43. On June 6, 2020, by Executive Order 202.45, the State of New York continued its closure of all schools through the summer term, with the exception of special education services.

44. As is made clear, although schools were closed, ACME remained ready to immediately resume normal student transportation for the School District until it was required to cease all operations.

45. ACME incurred substantial costs to remain ready to re-commence transportation.

46. The School District failed and refused to make any payments to ACME with respect to the substantial costs so incurred for the benefit of the School District, notwithstanding that the School District budgeted and raised the funds required to pay

ACME for such services.

47.     The School District knowingly received the benefit of ACME's efforts and was enriched as a result.

48.     Further, section 18006 of the CARES Act, titled "Continued Payment to Employees," states that "[a] local education agency, State, institution of higher education, or other entity that receives funds under the 'Educational Stabilization Fund', shall to the greatest extent practicable, continue to pay its employees *and contractors* during the period of any disruptions or closures related to coronavirus" (emphasis added).

49.     According to data compiled by the New York State Education Department, the School District received $213,301.00 in total CARES Act grants.

50.     Because the School District's transportation budget for the 2019-2020 school year was fully funded, and because the School District received CARES Act grants, it was and is completely "practicable" for the District to pay ACME for contracted transportation services, as invoiced by ACME, for the COVID Closure Period.

51.     It is against equity and good conscience to permit the School District to refuse payment to ACME altogether.

52.     As a result, ACME has been damaged in an amount to be determined at trial.

53.     Based on the foregoing, ACME is entitled to a judgment against the School District in an amount not less than $66,634.29, plus interest and costs.

### THIRD CAUSE OF ACTION
### Breach of Contract – Pre-COVID Closure Period

54.     ACME repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

55.    In addition to non-payment for the COVID Closure Period, the School District has breached the parties' Agreement by failing to remit to ACME $7,570.04 for transportation services duly provided by ACME to the School District prior to the COVID Closure Period, from September 1, 2019 through March 13, 2020.

56.    Despite due demand, that balance remains due and owing.

57.    On or about September 2, 2020, ACME duly presented to the BOE a notice of claim seeking damages that included damages for their non-payment for pre-COVID Closure Period accruals for student transportation provided during the 2019 – 2020 school year, and the BOE has neglected or refused to make an adjustment or payment thereof for 30 days after such presentment.

58.    Based on the foregoing, ACME is entitled to a judgment against the School District in an amount not less than $7,570.04, plus interest and costs.

**FOURTH CAUSE OF ACTION**
**Disallowance of School District Claim – 11 U.S.C. § 502(d)**

59.    ACME repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

60.    The School District filed the School District Claim against ACME.

61.    Pursuant to section 502(d) of the Bankruptcy Code, ACME is entitled to a judgment against the School District disallowing the School District Claim unless and until the School District returns the full amount determined to be owed to ACME's bankruptcy estate.

**WHEREFORE,** ACME requests judgment against the Malverne Union Free School District as follows:

a.      On the first and second cause of action, a judgment awarding ACME money damages in an amount not less than $66,634.29, to be determined at trial, plus interest and costs from June 30, 2020;

b.      On the third cause of action, a judgment awarding ACME money damages in an amount not less than $7,570.04, to be determined at trial, plus interest and costs from June 30, 2020.

c.      On the fourth cause of action, disallowing the School District Claim unless and until the School District returns the full amount determined to be owed to ACME's bankruptcy estate; and

d.      Such other relief as this Court deems just and proper.


Dated:      Melville, New York
            December 9, 2020

                        **HAMBURGER, MAXSON, YAFFE**
                        **& McNALLY, LLP**
                        *Special Counsel to ACME Bus Corp.*


            By:         /s/ Andrew K. Martingale
                        Richard Hamburger, Esq.
                        Lane T. Maxson, Esq.
                        Andrew K. Martingale, Esq.
                        225 Broadhollow Road, Suite 301
                        Melville, New York 11747
                        631.694.2400
                        631.694.1376 (fax)

Dated:      Garden City, New York
            December 9, 2020

                              **KLESTADT WINTERS JURELLER**
                              **SOUTHARD & STEVENS, LLP**
                              *Bankruptcy Counsel to ACME Bus Corp.*


            By:           /s/ Sean C. Southard
                              Sean C. Southard, Esq.
                              Fred Stevens, Esq.
                              Lauren C. Kiss, Esq.
                          320 Old Country Road, Suite 203
                          Garden City, New York 11530
                          (212) 972-3000
                          ssouthard@klestadt.com
                          fstevens@klestadt.com
                          lkiss@klestadt.com